AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

**SHELDON DIVERS**
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: **09-20449**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**9/17/2014**
*Date*

*Signature of Judge*

**MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE**
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Sheldon Divers Order of Detention

Defendant comes before the court on the Government's petition which alleges that he has failed to comply with several conditions of his supervised release. A hearing on the violations is scheduled before Judge Avern Cohn on September 30, 2014. Defendant seeks a bond, and asks to be placed in a drug treatment program. The government seeks detention, arguing that Defendant poses both a risk of flight and a danger to the community, and that he has already walked away from the drug program ordered as a condition of his last bond.

Specifically on December 20, 2013 Defendant tested positive for cocaine at Eastwood Clinic. On September 2, 2014 Defendant was found in possession of crack cocaine and was arrested by Highland Park police officers. On June 23, 2014 the probation officer conducted a home visit and found Defendant driving a silver Range Rover without a driver's license, and Defendant admitted that he was driving illegally. The license plate on the vehicle had been covered up with white paper in an attempt to hide the license plate number from the probation officer.

In late June 2014 Defendant left the district without permission and without notice to his supervising officer and stayed at the Homewood Suites in Chicago, Illinois.

While on absconder status and during a traffic stop and his subsequent arrest for Possession of Cocaine in Highland Park, Michigan on September 2, 2014, Defendant Divers gave 4515 S. Forrestville, Chicago, Illinois to the arresting officers as his residential address. Defendant had never been given permission to either travel outside this district or to re-locate his residence.

Defendant failed to report to Eastwood Clinic for urine drops on March 5, March 11, and March 29, 2013. Defendant failed to report for a random drug screen on August 30, 2013, June 18, 2014 and July 2, 2104 and failed to report for a scheduled office visit on March 10, 2014.

Defendant disclosed on July 7, 2013 that he paid $9000 cash for a silver Range Rover. However prior to that he had never disclosed any purchases above $500 on his monthly report form. Defendant failed to provide the requested information regarding the title to the vehicle.

Defendant failed to appear for a Debtor's Exam on July 25, 2014.

Probation recommends detention indicating that Defendant is an absconder from supervision and therefore presents a risk of nonappearance/flight, and that his continued criminal behaviors and his new arrest for drug possession render him a danger to the community.

The government moves for detention, and Defendant requests a bond with conditions of a tether and home confinement and/or placement in a drug treatment program.

Defendant now comes before the Court and asks to be placed in a drug treatment program in lieu of detention. This Court has already provided Defendant with substance abuse treatment as a condition of his bond, which treatment he failed. Defendant has absconded from his supervision by failing to report, failing to appear in court, failing to attend his appointments at Eastwood Clinic, and failing to comply with his supervisor's clear instructions.

This Court finds that there is clear and convincing evidence that Defendant poses a danger to the community, both by his continued drug usage, and because he has been arrested and charged with a new drug possession crime on September 2, 2104. This Court also finds that a preponderance of the evidence establishes Defendant as a risk of flight, specifically that his supervising officer has categorized him as an absconder, and that his drug usage and involvement with illicit narcotics renders him an unreliable risk of compliance.

There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance. Therefore Detention is Ordered.